**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

In re:

Case No. 17 - 40294 - nhl

Chapter: 7

_Sherran Cumberbatch_ Debtor(s)
-------------------------------------------------------x

**APPLICATION IN SUPPORT OF**
**ORDER TO SHOW CAUSE**

To the Hon. Nancy Hershey Lord , Bankruptcy Judge;

I _Sherran Cumberbatch_ , Movant herein, make this application in support

of my Order to Show Cause to seek entry of an Order to:

no public Auction on 176 portRichmond ave
SI NY 10302

In support of the relief requested, I hereby allege as follows:

Because my lawyer did not make my
request know to you. And my intent with
the pression of 176 portRichmond ave,
I had all my paper work with loan Exhibit A
aplove paperwork on the date I came to
Court and had ask my Lawyer to tell u
all my intention. and I had ask him to answer motion
and put in my intention.

WHEREFORE, Movant prays for the entry of an Order to Show Cause granting the relief
requested.

Dated: 5-2-2017        By: _____
                              *(Signature of movant)*

Type or Print Name: Sherran Cumberbatch

Address: 176 port Richmond
ave SI NY

Telephone Number: 917 613 5257
                            or
                   718 524 7748

SherriCumberbatch @gmail.com

RETURN DATE: _____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
In re: *Sherrian Cumberbatch*

Case No. *17-40294-nhl*

Chapter: *7*

**Debtor(s)**

----------------------------------------------------------x

### ORDER TO SHOW CAUSE

Upon the annexed application of Movant, *Sherrian Cumberbatch* seeking entry of
an Order to *pay off judgment. I have work and*
*run my bussiness for 27 year. I need my job.*
*Please give me a chance to pay off. I have loan paper* it is work
*I need to be heard by you I have and the ability to pay off.*
*I have paper work on 176 LLC have been working on take*
**ORDERED** that _____ show cause at ☐ ___ o'clock *away my pro*
on the date of _____ or as soon thereafter as Movant may be heard before the *my property*
Honorable _____ Bankruptcy Judge in Courtroom _____ at United *176 LLC*
States Bankruptcy Court located at _____, why this Court *T J Bennet*
should not enter an Order to _____ *+ Association*
_____ *have been*
*try to take*
*a away my*
*home*
**ORDERED** that service of this Order to Show Cause together with the application be *befor to*
served on or before the end of the business day on _____, upon *Hell of*
_____ *Equity.*
_____, and *Exhibit*
upon the Trustee at _____ and United *B*
States Trustee.

**ORDERED** that objections, if any, to the relief requested shall be made in writing, shall *when*
set forth with particularity, the grounds for such objection and shall be filed with the Clerk of the *176 LC*
Court along with an extra copy marked "Chambers Copy," Trustee, United States Trustee, and *buy my*
the Movant on or before _____; and it is further *Loan to Paper*
*thoope I*
**ORDERED** that the hearing scheduled herein may be adjourned by the Court, from time *have made*
to time, without further notice other than announcement of the adjourned hearing date in open *payment*
court. *to them*

Dated:

_____
United States Bankruptcy Judge

Exhibit B

# BARGAIN AND SALE DEED WITH COVENANT AGAINST GRANTOR'S ACTS (INDIVIDUAL OR CORPORATION)

## FORM 8007

CAUTION: THIS AGREEMENT SHOULD BE PREPARED BY AN ATTORNEY AND REVIEWED BY ATTORNEYS FOR SELLER AND PURCHASER BEFORE SIGNING.

*THIS INDENTURE,* made this 12th day of September, 2012,

**between**

████████████ residing at 176 Port Richmond Ave, Staten Island, NY 10302

party of the first part, and

**176 Port Richmond Ave, LLC maintaining a place of business at 155 Bay Ridge Ave, Brooklyn, NY 11220**

party of the second part,

*WITNESSETH,* that the party of the first part, in consideration of Ten Dollars and No Cents ($10.00), lawful money of the United States, paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

*ALL* that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

**SEE ATTACHED DESCRIPTION ON SCHEDULE A**

**SAID PREMISES BEING KNOWN AS** 176 Port Richmond Ave, Staten Island, NY 10302

*TOGETHER* with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof,

*TOGETHER* with the appurtenances and all the estate and rights of the party of the first part in and to said premises,

*TO HAVE AND TO HOLD* the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

*AND* the party of the first part, covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

*AND* the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the

## STEWART TITLE INSURANCE COMPANY

Title Number: NSA-NY111306056

## SCHEDULE A CONTINUED
### LEGAL DESCRIPTION

All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Northfield, County of Richmond and State of New York, which is known and designated on a certain map which is filed in the County Clerk's Office of Richmond County as Map No. 603 entitled "Map of Property of Emma H. Griffith, Elia M. Post and Minnie H. Van Riper, Port Richmond, Staten Island, New York", as Lot Number four (4) which said lot is described as follows, viz:

BEGINNING at a point on the westerly side of Port Richmond Avenue distant eighty (80) feet Southwesterly from the Southwesterly corner of land of Isaac Winant; and

RUNNING THENCE westerly along the southerly line of lot number three (3) on said map 105.50 feet to lot number five (5) on said map;

THENCE southerly along the easterly line of lot number five (5) twenty-five (25) feet to Harrison Avenue as laid down on said map;

THENCE easterly along the northerly side of Harrison Avenue ninety-three (93) feet to Port Richmond Avenue;

THENCE Northwesterly along said Port Richmond Avenue 27.50 feet more or less to the point or place of BEGINNING.

SAID PREMISES also being known as          176 Port Richmond Avenue
                                           Staten Island New York

*INSURE*

Issued by:
NORTH STAR ABSTRACT, INC.
654 SHARROTTS ROAD
STATEN ISLAND, NY 10309
Telephone: 1-718-701-6252
Fax: 1-718-701-6251

cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

_____
Sherrian Cumberbatch


**IN PRESENCE OF:**

_____


Acknowledgment by a Person Within New York State (RPL § 309-a)
STATE OF NEW YORK              )
COUNTY OF _____     ) ss.:
                              )

On the 12th day of September, 2012, before me, the undersigned, personally appeared Sherrian Cumberbatch, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

*Bargain and Sale Deed*

<u>**Title No.**</u>

Sherrian Cumberbatch

**To**

176 Port Richmond Ave, LLC

**Section**
**Block**   1077
**Lot**      53
**County or Town** Richmond County
**Street Address** 176 Port Richmond Ave,
                    Staten Island, NY 10302

**Return By Mail To:**

The Law Office of Thaniel Beinert

155 Bay Ridge Ave

Brooklyn, NY 11220

**Reserve This Space For Use Of Recording Office**

# AFFIDAVIT OF COMPLIANCE
## WITH SMOKE DETECTOR REQUIREMENT
## FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York          )
                           ) SS.:
County of                  )

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

**176  PORT RICHMOND AVE**
_____ ,          _____ ,
Street Address                                                                          Unit/Apt.

**STATEN ISLAND**          New York,    **1077**          **53**
_____          _____          _____ (the "Premises");
Borough                                     Block               Lot

That the Premises is a one or two family dwelling, or  a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

_____          |          _____
Name of Grantor (Type or Print)          |          Name of Grantee (Type or Print)

_____          |          _____
Signature of Grantor                     |          Signature of Grantee

Sworn to before me                       |          Sworn to before me
this _____ date of _____ ·20 ____ | this _____ date of _____ 20 _____

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

**NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.**

2012091000387101



The City of New York
Department of Environmental Protection
Bureau of Customer Services
59-17 Junction Boulevard
Flushing, NY  11373-5108

## Customer Registration Form for Water and Sewer Billing

### Property and Owner Information:

(1)   Property receiving service: BOROUGH: STATEN ISLAND        BLOCK: 1077        LOT: 53

(2)   Property Address: 176 PORT RICHMOND AVE, STATEN ISLAND, NY 10302

(3)   Owner's Name:       176 PORT RICHMOND AVE LLC

       Additional Name:

### Affirmation:

☑   Your water & sewer bills will be sent to the property address shown above.

### Customer Billing Information:

#### Please Note:

A.   Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges. Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, the property being placed in a lien sale by the City or Service Termination.

B.   Original bills for water and/or sewer service will be mailed to the owner, **at the property address or to an alternate mailing address**.  DEP will provide a duplicate copy of bills to one other party (such as a managing agent), however, any failure or delay by DEP in providing duplicate copies of bills shall in no way  relieve the owner from his/her liability to pay all outstanding water and sewer charges. Contact DEP at (718) 595-7000 during business hours or visit www.nyc.gov/dep to provide us with the other party's information.

### Owner's Approval:

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A & B under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

Print Name of Owner:

Signature: _____Date (mm/dd/yyyy)

Name and Title of Person Signing for Owner, if applicable:

BCS-7CRF-ACRIS  REV. 8/08

201209100387101



**N Y C**
# RPT

NEW YORK CITY DEPARTMENT OF FINANCE
## REAL PROPERTY TRANSFER TAX RETURN
(Pursuant to Title 11, Chapter 21, NYC Administrative Code)

## GRANTOR ▼

- **Name** SHERRIAN CUMBERBATCH
- **Grantor is a(n):** (check one) ☑ individual ☐ partnership (must complete Schedule 3) ☐ corporation ☐ other _____    **Telephone Number**
- **Permanent mailing address** after transfer (number and street) 176 PORT RICHMOND AVE
- **City and State** STATEN ISLAND, NY    **Zip Code** 10302
- **EMPLOYER IDENTIFICATION NUMBER** ☐ - ☐  **OR**  **SOCIAL SECURITY NUMBER** ~~XXX-XX-XXXX~~

**DO NOT WRITE IN THIS SPACE FOR OFFICE USE ONLY**

- **RETURN NUMBER ▲**

## GRANTEE ▼

- **Name** 176 PORT RICHMOND AVE LLC
- **Grantee is a(n):** (check one) ☐ individual ☐ partnership (must complete Schedule 3) ☑ corporation ☐ other _____    **Telephone Number**
- **Permanent mailing address** after transfer (number and street) 155 BAY RIDGE AVE
- **City and State** BROOKLYN, NY    **Zip Code** 11220
- **EMPLOYER IDENTIFICATION NUMBER** 4 6 - 0 9 4 5 9 9 5  **OR**  **SOCIAL SECURITY NUMBER** ☐ - ☐ - ☐

- **DEED SERIAL NUMBER ▲**

- **NYS REAL ESTATE TRANSFER TAX PAID ▲**

## PROPERTY LOCATION ▼

LIST EACH LOT SEPARATELY. ATTACH A RIDER IF ADDITIONAL SPACE IS REQUIRED

| Address (number and street) | Apt. No. | Borough | Block | Lot | # of Floors | Square Feet | Assessed Value of Property |
|---|---|---|---|---|---|---|---|
| 176 PORT RICHMOND AVE | | STATEN ISLAND | 1077 | 53 | 2 | 1,944 | 69,300.00 |
| | | | | | | | |
| | | | | | | | |

- **DATE OF TRANSFER TO GRANTEE:** 9/11/2012    **PERCENTAGE OF INTEREST TRANSFERRED:** 100 %

## CONDITION OF TRANSFER ▼ See Instructions

- **Check (✓) all of the conditions that apply and fill out the appropriate schedules on pages 5-11 of this return. Additionally, Schedules 1 and 2 must be completed for all transfers.**

a. ☐.....Arms length transfer
b. ☐.....Transfer in exercise of option to purchase
c. ☐.....Transfer from cooperative sponsor to cooperative corporation
d. ☐.....Transfer by referee or receiver (complete Schedule A, page 5)
e. ☐.....Transfer pursuant to marital settlement agreement or divorce decree
f. ☑.....Deed in lieu of foreclosure (complete Schedule C, page 6)
g. ☐.....Transfer pursuant to liquidation of an entity (complete Schedule D, page 6)
h. ☐.....Transfer from principal to agent, dummy, strawman or conduit or vice-versa (complete Schedule E, page 6)
i. ☐.....Transfer pursuant to trust agreement or will (attach a copy of trust agreement or will)
j. ☐.....Gift transfer not subject to indebtedness
k. ☐.....Gift transfer subject to indebtedness
l. ☐.....Transfer to a business entity in exchange for an interest in the business entity (complete Schedule F, page 7)

m. ☐.....Transfer to a governmental body
n. ☐.....Correction deed
o. ☐.....Transfer by or to a tax exempt organization (complete Schedule G, page 8)
p. ☐.....Transfer of property partly within and partly without NYC
q. ☐.....Transfer of successful bid pursuant to foreclosure
r. ☐.....Transfer by borrower solely as security for a debt or a transfer by lender solely to return such security
s. ☐.....Transfer wholly or partly exempt as a mere change of identity or form of ownership. Complete Schedule M, page 9)
t. ☐.....Transfer to a REIT or to a corporation or partnership controlled by a REIT. (Complete Schedule R, pages 10 and 11)
u. ☐.....Other transfer in connection with financing (describe): _____
v. ☐.....Other (describe): _____

3

2012091000038710101

Form NYC-RPT                                                                      Page 2

| ● TYPE OF PROPERTY (✓) | ● TYPE OF INTEREST (✓) |
|---|---|

● TYPE OF PROPERTY (✓)

- a. ☐ ......... 1-3 family house
- b. ☐ ......... Individual residential condominium unit
- c. ☐ ......... Individual cooperative apartment
- d. ☐ ......... Commercial condominium unit
- e. ☐ ......... Commercial cooperative
- f. ☑ ......... Apartment building
- g. ☐ ......... Office building
- h. ☐ ......... Industrial building
- i. ☐ ......... Utility
- j. ☐ ......... OTHER. (describe):

_____

● TYPE OF INTEREST (✓)

Check box at LEFT if you intend to record a document related to this transfer. Check box at RIGHT if you do not intend to record a document related to this transfer.

| | REC. | | NON REC. |
|---|---|---|---|
| a. | ☑ | ................................ Fee | ☐ |
| b. | ☐ | .............. Leasehold Grant | ☐ |
| c. | ☐ | ...... Leasehold Assignment or Surrender | ☐ |
| d. | ☐ | .......................... Easement | ☐ |
| e. | ☐ | ............ Subterranean Rights | ☐ |
| f. | ☐ | ............ Development Rights | ☐ |
| g. | ☐ | .......................... Stock | ☐ |
| h. | ☐ | .............. Partnership Interest | ☐ |
| i. | ☐ | .......... OTHER. (describe): | ☐ |

## SCHEDULE 1 - DETAILS OF CONSIDERATION

COMPLETE THIS SCHEDULE FOR ALL TRANSFERS AFTER COMPLETING THE APPROPRIATE SCHEDULES ON PAGES 5 THROUGH 11.
ENTER "ZERO" ON LINE 11 IF THE TRANSFER REPORTED WAS WITHOUT CONSIDERATION.

| | | |
|---|---|---|
| 1. Cash................................................................● | 1. | 0 00 |
| 2. Purchase money mortgage ..............................● | 2. | 0 00 |
| 3. Unpaid principal of pre-existing mortgage(s) ..........● | 3. | 30,000 00 |
| 4. Accrued interest on pre-existing mortgage(s) ..........● | 4. | 0 00 |
| 5. Accrued real estate taxes ..............................● | 5. | 0 00 |
| 6. Amounts of other liens on property ....................● | 6. | 0 00 |
| 7. Value of shares of stock or of partnership interest received....● | 7. | 0 00 |
| 8. Value of real or personal property received in exchange....● | 8. | 0 00 |
| 9. Amount of Real Property Transfer Tax and/or other taxes or expenses of the grantor which are paid by the grantee............................● | 9. | 0 00 |
| 10. Other (describe):_____........● | 10. | 0 00 |
| 11. **TOTAL CONSIDERATION** (add lines 1 through 10 - must equal amount entered on line 1 of Schedule 2) (see instructions) ................● | 11. $ | 30,000 00 |

**See instructions for special rules relating to transfers of cooperative units, liquidations, marital settlements and transfers of property to a business entity in return for an interest in the entity.**

## SCHEDULE 2 - COMPUTATION OF TAX

| A. **Payment** | Pay amount shown on line 12 - *See Instructions* | Payment Enclosed | |
|---|---|---|---|
| 1. Total Consideration (from line 11, above)................● | 1. | 30,000 00 |
| 2. Excludable liens (see instructions) ....................● | 2. | 0 00 |
| 3. Consideration (Line 1 less line 2) ......................● | 3. | 30,000 00 |
| 4. Tax Rate (see instructions) ............................● | 4. | 1.425 % |
| 5. Percentage change in beneficial ownership (see instructions) ....● | 5. | 100 % |
| 6. Taxable consideration (multiply line 3 by line 5) ........● | 6. | 30,000 00 |
| 7. Tax (multiply line 6 by line 4) ........................● | 7. | 427 50 |
| 8. Credit (see instructions) ..............................● | 8. | 0 00 |
| 9. Tax due (line 7 less line 8) (if the result is negative, enter zero) ....● | 9. | 427 50 |
| 10. Interest (see instructions) ............................● | 10. | 0 00 |
| 11. Penalty (see instructions) ............................● | 11. | 0 00 |
| 12. **Total Tax Due** (add lines 9, 10 and 11) ............● | 12. $ | 427 50 |

4

## GRANTOR'S ATTORNEY ▼

| Name of Attorney | | Telephone Number ( ) |
|---|---|---|
| Address (number and street) | City and State | Zip Code |

EMPLOYER IDENTIFICATION NUMBER [ ] - [ ]    **OR**    SOCIAL SECURITY NUMBER [ ] - [ ] - [ ]

## GRANTEE'S ATTORNEY ▼

| Name of Attorney    THANIEL BEINERT | | Telephone Number ( 718 ) 921-6601 |
|---|---|---|
| Address (number and street)    155 BAY RIDGE AVE | City and State   BROOKLYN, NY | Zip Code   11220 |

EMPLOYER IDENTIFICATION NUMBER [ ] - [ ]    **OR**    SOCIAL SECURITY NUMBER [ ] - [ ] - [ ]

## CERTIFICATION ▼

I swear or affirm that this return, including any accompanying schedules, affidavits and attachments, has been examined by me and is, to the best of my knowledge, a true and complete return made in good faith, pursuant to Title 11, Chapter 21 of the Administrative Code and the regulations issued thereunder.

| GRANTOR | | GRANTEE | |
|---|---|---|---|
| $\mathbf{S}$worn to and subscribed to | *Cumberbatch* | $\mathbf{S}$worn to and subscribed to | 46-0945995 |
| before me on this _____ day | EMPLOYER IDENTIFICATION NUMBER OR SOCIAL SECURITY NUMBER  SHERRIAN CUMBERBATCH | before me on this _____ day | EMPLOYER IDENTIFICATION NUMBER OR SOCIAL SECURITY NUMBER  176 PORT RICHMOND AVE LLC |
| of _____, _____ | Name of Grantor | of _____, _____ | Name of Grantee |
| Signature of Notary | Signature of Grantor | Signature of Notary | Signature of Grantee |
| (Notary's stamp or seal) | | (Notary's stamp or seal) | |

6

## SCHEDULE C - TRANSFER IN LIEU OF FORECLOSURE ▼

> **NOTE** A conveyance by a defaulting mortgagor to the mortgagee (or to a nominee or assignee of the mortgagee) in consideration of the cancellation of the mortgage debt is taxable. The consideration is the amount of the outstanding mortgage debt and unpaid accrued interest, plus the amount of any other mortgages, liens or encumbrances remaining on the property or economic interest or the underlying real property after the transfer, whether or not the underlying indebtedness is assumed and irrespective of whether the cancellation of the mortgage was recorded.

1. Status of grantee: (✓)
   - ☑ Mortgagee  ☐ Nominee of mortgagee  ☐ Assignee of mortgagee
   - ☐ Other (describe): _____

2. Priority of mortgage in default:  ☐ first  ☑ second  ☐ third or other

3. Amount of debt owed by grantor to mortgagee at time of transfer:

   | | |
   |---:|:---:|
   | a. Outstanding principal (enter here and on line 3 of Schedule 1) .........................3a. | 30,000 00 |
   | b. Accrued interest (enter here and on line 4 of Schedule 1) ...............................3b. | 0 00 |

4. Amount of mortgages, liens or other encumbrances remaining on the real property or economic interest therein after the transfer (enter here and on Schedule 1. See instructions)....................4.

   | |
   |---:|
   | 400,000 00 |

## SCHEDULE D - TRANSFER PURSUANT TO PARTIAL OR COMPLETE LIQUIDATION OF CORPORATION, PARTNERSHIP OR OTHER ENTITY ▼

**SEE INSTRUCTIONS AND SCHEDULE M.**

> **NOTE** A distribution of real property or an economic interest therein within 12 months of liquidation of the distributing entity is presumed to be a distribution in liquidation. *Attach a balance sheet reflecting the grantor's assets and liabilities at the time of the liquidation.*

### COMPUTATION OF TAX BASE

1. Fair market value of real property or economic interest therein at the time of liquidation ......................1.

2. Amount of mortgages or other liens or encumbrances on real property or economic interest therein ..2.

3. Tax base: Compare line 1 and line 2, enter the greater of the two here and on line 11, Schedule 1 .....3.

**IF, PURSUANT TO THE INSTRUCTIONS, YOU ARE FILING MORE THAN ONE SCHEDULE D, IDENTIFY THE PROPERTY THAT THIS SCHEDULE D REFERS TO.**

| BOROUGH | BLOCK | LOT | ADDRESS | FAIR MARKET VALUE |
|---------|-------|-----|---------|-------------------|
| | | | | |

8

**SCHEDULE R - REAL ESTATE INVESTMENT TRUST TRANSFERS** -   WORKSHEET FOR CONDITIONS 1(a) and 1(b)

1.   *Add* lines 1, 2, 7, 8, 9 and 10 from Form NYC-RPT, Schedule 1 and enter total here.......................................1. $ _____

2 a.   *Enter* total number of REIT shares received ...................................................................a. _____

   b.   *Enter* maximum number of REIT shares into which ownership interests may be converted ..........b. _____

   c.   *Add* lines a and b.................................................................................................c. _____

   d.   *Enter* offering price per share of REIT shares on the date of the transaction reported...................d. _____

   e.   *Multiply* line 2c by line 2d ...................................................................................e. _____

   f.   *Enter* value of ownership interests received not convertible into REIT shares ...............................f. _____

   g.   *Add* lines e and f .............................................................................................................2g. _____

3.   *Multiply* line 1 by .40 for condition 1(a) or .50 for condition 1(b) ................................................................3. _____

● If line 3 is greater than line 2g, the transaction does not qualify as a REIT transfer.  DO NOT FILE THIS SCHEDULE.  You must file
   Form NYC-RPT and compute your tax due on Schedule 2.

● If line 3 is less than or equal to line 2g, the transaction will qualify as a REIT Transfer, provided the other conditions are met.  You
   should complete Form NYC-RPT substituting on line 4 of Schedule 2:
      -   *.5%*  instead of 1%;
      -   *.7125%*  instead of 1.425%;
      -   *1.3125%*  instead of 2.625%

**Instructions for Completing Worksheet**                    12

**LINE 1**

Where the value of the underlying property transferred or interest therein is used in determining the consideration for a REIT Transfer, you may, but are not required to, report as the value of the real property or interest therein (Form NYC-RPT, Schedule 1, line 7), the estimated market value as determined by the Department of Finance as reflected on the most recent Notice of Assessment issued by the Department. *(See Statements of Audit Procedure 93-2-GCT/RPTT, 3/1/93 and 95-1-GCT/RPTT, 7/28/95)* Add to the amount reported on line 1 the amount of any mortgages and other liens and encumbrances created in contemplation of the formation of the REIT in the case of condition 1(a) or in contemplation of the transaction reported on this Schedule R in the case of condition 1(b).

**LINE 2**

If the grantor received REIT shares as consideration for the transfer, enter on line 2a the number of REIT shares received.  If the grantor received interests in a partnership or corporation controlled by the REIT that may be converted into REIT shares, enter on line 2b the maximum number of REIT shares into which such interests may be converted and attach an explanation of the terms of the conversion.  If the grantor received interests that may be converted into REIT shares but you believe that the offering price for the REIT shares into which such interests may be converted is not a proper measurement of the value of the interests received, do not complete line 2b.  Instead, attach an explanation of the terms of the conversion and enter on line 2f the fair market value of the interests received.  If the grantor received interests in a partnership or corporation controlled by the REIT that cannot be converted into REIT shares at any time, enter on line 2f the fair market value of the interests received.  If you enter an amount on line 2f, attach an explanation of the method used for determining the value of the interests received.

─────────────── **CERTIFICATION** ───────────────

I swear or affirm under penalties of perjury that the grantor has no present intention to transfer or convey the REIT shares or interests in a partnership or corporation controlled by the REIT received by the grantor as consideration in the transaction reported on this Schedule R within two years of the date of the transfer, other than a distribution of such shares or interests to the partners or shareholders of the grantor, and that, to the best of my knowledge, condition 3 above regarding the use of the cash proceeds of the REIT offering will be satisfied, if applicable. I further swear or affirm that I will file an amended Form NYC-RPT and pay any additional tax due if any such transfer or conveyance occurs within such two-year period or if condition 3 above, if applicable, ceases to be met.

|                **GRANTOR**                |                **GRANTEE**                |
|---|---|
| $S$worn to and subscribed to | $S$worn to and subscribed to |
| before me on this _____ day | before me on this _____ day |
| of _____, _____ | of _____, _____ |
| | Name of Grantor | | Name of Grantee |
| _____ | _____ | _____ | _____ |
| Signature of Notary | Signature of Grantor | Signature of Notary | Signature of Grantee |
| (Notary's stamp or seal) | | (Notary's stamp or seal) | |

REAL PROPERTY TRANSFER REPORT

STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

**RP - 5217NYC**

**FOR CITY USE ONLY**

C1. County Code

C2. Date Deed Recorded — Month / Day / Year

C3. Book OR

C4. Page

C5. CRFN

## PROPERTY INFORMATION

**1. Property Location**
176 PORT RICHMOND AVE — STATEN ISLAND — 10302
STREET NUMBER | STREET NAME | BOROUGH | ZIP CODE

**2. Buyer Name**
176 PORT RICHMOND AVE LLC
LAST NAME / COMPANY | FIRST NAME

LAST NAME / COMPANY | FIRST NAME

**3. Tax Billing Address**
Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
LAST NAME / COMPANY | FIRST NAME

STREET NUMBER AND STREET NAME | CITY OR TOWN | STATE | ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed** — 1 # of Parcels OR ☐ Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

**Check the boxes below as they apply:**
6. Ownership Type is Condominium ☐
7. New Construction on Vacant Land ☐

**5. Deed Property Size** — FRONT FEET X DEPTH OR ACRES

**8. Seller Name**
CUMBERBATCH — SHERRIAN
LAST NAME / COMPANY | FIRST NAME

LAST NAME / COMPANY | FIRST NAME

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| A ☐ One Family Residential | C ☐ Residential Vacant Land | E ☑ Commercial | G ☐ Entertainment / Amusement | I ☐ Industrial |
| B ☐ 2 or 3 Family Residential | D ☐ Non-Residential Vacant Land | F ☐ Apartment | H ☐ Community Service | J ☐ Public Service |

## SALE INFORMATION

**10. Sale Contract Date** — 9 / 11 / 2012
Month / Day / Year

**11. Date of Sale / Transfer** — 9 / 11 / 2012
Month / Day / Year

**12. Full Sale Price** $ 0
( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.)  *Please round to the nearest whole dollar amount.*

**13. Indicate the value of personal property included in the sale**

**14. Check one or more of these conditions as applicable to transfer:**

| | |
|---|---|
| A ☐ | Sale Between Relatives or Former Relatives |
| B ☐ | Sale Between Related Companies or Partners in Business |
| C ☐ | One of the Buyers is also a Seller |
| D ☐ | Buyer or Seller is Government Agency or Lending Institution |
| E ☑ | Deed Type **not** Warranty or Bargain and Sale (Specify Below ) |
| F ☐ | Sale of Fractional or Less than Fee Interest ( Specify Below ) |
| G ☐ | Significant Change in Property Between Taxable Status and Sale Dates |
| H ☐ | Sale of Business is Included in Sale Price |
| I ☐ | Other Unusual Factors Affecting Sale Price ( Specify Below ) |
| J ☐ | None |

## ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill

**15. Building Class** — K, 2

**16. Total Assessed Value (of all parcels in transfer)** — 6 9 3 0 0

**17. Borough, Block and Lot / Roll Identifier(s) ( If more than three, attach sheet with additional identifier(s) )**

STATEN ISLAND 1077 53

| CERTIFICATION | I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments. |
|---|---|

| **BUYER** | | | **BUYER'S ATTORNEY** | |
|---|---|---|---|---|
| | | | THANIEL BEINERT | |
| BUYER SIGNATURE | DATE | | LAST NAME | FIRST NAME |
| 155 BAY RIDGE AVE | | | 718 | 921-6601 |
| STREET NUMBER | STREET NAME (AFTER SALE) | | AREA CODE | TELEPHONE NUMBER |
| BROOKLYN | | | **SELLER** | |
| | NY | 11220 | | |
| CITY OR TOWN | STATE | ZIP CODE | SELLER SIGNATURE | DATE |

TP-584 (3/07)



Recording office time stamp

New York State Department of Taxation and Finance

# Combined Real Estate Transfer Tax Return, Credit Line Mortgage Certificate, and Certification of Exemption from the Payment of Estimated Personal Income Tax

See Form TP-584, Instructions for Form TP-584, before completing this form.  Please print or type.

## Schedule A — Information relating to conveyance

| Grantor/Transferor | Name (if individual; last, first, middle initial)  CUMBERBATCH SHERRIAN | Social security number |
| --- | --- | --- |
| ☑ Individual | | |
| ☐ Corporation | Mailing address   176 PORT RICHMOND AVE | Social security number |
| ☐ Partnership | | |
| ☐ Estate/Trust | City  STATEN ISLAND | State  NY | ZIP code  10302 | Federal employer ident. number |
| ☐ Other | | | | |

| Grantee/Transferee | Name (if individual; last, first, middle initial)   176 PORT RICHMOND AVE LLC | Social security number |
| --- | --- | --- |
| ☐ Individual | | |
| ☑ Corporation | Mailing address   155 BAY RIDGE AVE | Social security number |
| ☐ Partnership | | |
| ☐ Estate/Trust | City  BROOKLYN | State  NY | ZIP code  11220 | Federal employer ident. number  46   0945995 |
| ☐ Other | | | | |

Location and description of property conveyed

| Tax map designation | | | Address | City/village | Town | County |
| --- | --- | --- | --- | --- | --- | --- |
| Section | Block | Lot | 176 PORT RICHMOND AVE | NEW YORK | | STATEN ISLAND / RICHMOND |
| 5 | 1077 | 53 | | | | |

Type of property conveyed (check applicable box)

1 ☑ One- to three-family house
2 ☐ Residential cooperative
3 ☐ Residential condominium
4 ☐ Vacant land

5 ☐ Commercial/Industrial
6 ☐ Apartment building
7 ☐ Office building
8 ☐ Other _____

Date of conveyance

| 9 | 11 | 2012 |
| --- | --- | --- |
| month | day | year |

Percentage of real property conveyed which is residential real property   100 %
(see instructions)

Condition of conveyance (check all that apply)

a. ☐ Conveyance of fee interest

b. ☐ Acquisition of a controlling interest (state percentage acquired _____ %)

c. ☐ Transfer of a controlling interest (state percentage transferred _____ %)

d. ☐ Conveyance to cooperative housing corporation

e. ☑ Conveyance pursuant to or in lieu of foreclosure or enforcement of security interest (attach Form TP-584.1, Schedule E)

f. ☐ Conveyance which consists of a mere change of identify or form of ownership or organization (attach Form TP-584.1, Schedule F)

g. ☐ Conveyance for which credit for tax previously paid will be claimed (attach Form TP-584.1, Schedule G)

h. ☐ Conveyance of cooperative apartment(s)

i. ☐ Syndication

j. ☐ Conveyance of air rights or development rights

k. ☐ Contract assignment

l. ☐ Option assignment or surrender

m. ☐ Leasehold assignment or surrender

n. ☐ Leasehold grant

o. ☐ Conveyance of an easement

p. ☐ Conveyance for which exemption from transfer tax claimed (complete Schedule B, Part III)

q. ☐ Conveyance of property partly within and partly outside the state

r. ☐ Other (describe) _____

| For recording officer's use | Amount received | Date received | Transaction number |
| --- | --- | --- | --- |
| | Schedule B, Part I  $ | | |
| | Schedule B, Part II $ | | |

2012091000038730101

Page 2 of 4   TP-584 (3/07)

## Schedule B — Real estate transfer tax return (Tax Law, Article 31)

**Part I** – Computation of tax due

| | | |
|---|---|---:|
| 1 | Enter amount of consideration for the conveyance *(if you are claiming a total exemption from tax, check the exemption claimed box, enter consideration and proceed to Part III)* ..................... ☐ **Exemption claimed** | **1.** 430,000 00 |
| 2 | Continuing lien deduction *(see instructions if property is taken subject to mortgage or lien)* .................................... | **2.** 0 00 |
| 3 | Taxable consideration *(subtract line 2 from line 1)* ........................................................................... | **3.** 430,000 00 |
| 4 | Tax: $2 for each $500, or fractional part thereof, of consideration on line 3 ....................................... | **4.** 1,720 00 |
| 5 | Amount of credit claimed *(see instructions and attach Form TP-584.1, Schedule G)* ......................... | **5.** 0 00 |
| 6 | Total tax due* *(subtract line 5 from line 4)* ...................................................................................... | **6.** 1,720 00 |

**Part II** – Computation of additional tax due on the conveyance of residential real property for $1 million or more

| | | |
|---|---|---:|
| 1 | Enter amount of consideration for conveyance *(from Part I, line 1)* | **1.** 430,000 00 |
| 2 | Taxable consideration *(multiply line 1 by the percentage of the premises which is residential real property, as shown in Schedule A)* ..... | **2.** 430,000 00 |
| 3 | Total additional transfer tax due* *(multiply line 2 by 1% (.01))* ........................................................ | **3.** 0 00 |

**Part III** – Explanation of exemption claimed on Part I, line 1 *(check any boxes that apply)*

The conveyance of real property is exempt from the real estate transfer tax for the following reason:

a. Conveyance is to the United Nations, the United States of America, the state of New York, or any of their instrumentalities, agencies, or political subdivisions (or any public corporation, including a public corporation created pursuant to agreement or compact with another state or Canada) ................................................................................................ a ☐

b. Conveyance is to secure a debt or other obligation ........................................................................................... b ☐

c. Conveyance is without additional consideration to confirm, correct, modify, or supplement a prior conveyance ............... c ☐

d. Conveyance of real property is without consideration and not in connection with a sale, including conveyances conveying realty as bona fide gifts ............................................................................................................. d ☐

e. Conveyance is given in connection with a tax sale .......................................................................................... e ☐

f. Conveyance is a mere change of identity or form of ownership or organization where there is no change in beneficial ownership. (This exemption cannot be claimed for a conveyance to a cooperative housing corporation of real property comprising the cooperative dwelling or dwellings.) Attach Form TP-584.1, Schedule F ........................................ f ☐

g. Conveyance consists of deed of partition ........................................................................................................... g ☐

h. Conveyance is given pursuant to the federal Bankruptcy Act ......................................................................... h ☐

i. Conveyance consists of the execution of a contract to sell real property, without the use or occupancy of such property, or the granting of an option to purchase real property, without the use or occupancy of such property ............................... i ☐

j. Conveyance of an option or contract to purchase real property with the use or occupancy of such property where the consideration is less than $200,000 and such property was used solely by the grantor as the grantor's personal residence and consists of a one-, two-, or three-family house, an individual residential condominium unit, or the sale of stock in a cooperative housing corporation in connection with the grant or transfer of a proprietary leasehold covering an individual residential cooperative apartment ................................................................................................................................... j ☐

k. Conveyance is not a conveyance within the meaning of Tax Law, Article 31, section 1401(e) *(attach documents supporting such claim)* ................................................................................................................................... k ☐

l. Other *(attach explanation)* ............................................................................................................................... l ☐

*Please make check(s) payable to the county clerk where the recording is to take place. If the recording is to take place in New York City, make check(s) payable to the **NYC Department of Finance.** If a recording is not required, send this return and your check(s) made payable to the **NYS Department of Taxation and Finance,** directly to the NYS Tax Department, RETT Return Processing, PO Box 5045, Albany NY 12205-5045.

201209100038730101

## Schedule C — Credit Line Mortgage Certificate (Tax Law, Article 11)

**Complete the following only if the interest being transferred is a fee simple interest.**
I (we) certify that: *(check the appropriate box)*

1. ☑ The real property being sold or transferred is not subject to an outstanding credit line mortgage.

2. ☐ The real property being sold or transferred is subject to an outstanding credit line mortgage. However, an exemption from the tax is claimed for the following reason:

   ☐ The transfer of real property is a transfer of a fee simple interest to a person or persons who held a fee simple interest in the real property (whether as a joint tenant, a tenant in common or otherwise) immediately before the transfer.

   ☐ The transfer of real property is (A) to a person or persons related by blood, marriage or adoption to the original obligor or to one or more of the original obligors or (B) to a person or entity where 50% or more of the beneficial interest in such real property after the transfer is held by the transferor or such related person or persons (as in the case of a transfer to a trustee for the benefit of a minor or the transfer to a trust for the benefit of the transferor).

   ☐ The transfer of real property is a transfer to a trustee in bankruptcy, a receiver, assignee, or other officer of a court.

   ☐ The maximum principal amount secured by the credit line mortgage is $3,000,000 or more, and the real property being sold or transferred is **not** principally improved nor will it be improved by a one- to six-family owner-occupied residence or dwelling.

   **Please note:** for purposes of determining whether the maximum principal amount secured is $3,000,000 or more as described above, the amounts secured by two or more credit line mortgages may be aggregated under certain circumstances. See TSB-M-96(6)-R for more information regarding these aggregation requirements.

   ☐ Other *(attach detailed explanation).*

3. ☐ The real property being transferred is presently subject to an outstanding credit line mortgage. However, no tax is due for the following reason:

   ☐ A certificate of discharge of the credit line mortgage is being offered at the time of recording the deed.

   ☐ A check has been drawn payable for transmission to the credit line mortgagee or his agent for the balance due, and a satisfaction of such mortgage will be recorded as soon as it is available.

4. ☐ The real property being transferred is subject to an outstanding credit line mortgage recorded in _____ (insert liber and page or reel or other identification of the mortgage). The maximum principal amount of debt or obligation secured by the mortgage is _____ . No exemption from tax is claimed and the tax of _____ is being paid herewith. *(Make check payable to county clerk where deed will be recorded or, if the recording is to take place in New York City, make check payable to the **NYC Department of Finance**.)*

## Signature (both the grantor(s) and grantee(s) must sign)

The undersigned certify that the above information contained in schedules A, B, and C, including any return, certification, schedule, or attachment, is to the best of his/her knowledge, true and complete, and authorize the person(s) submitting such form on their behalf to receive a copy for purposes of recording the deed or other instrument effecting the conveyance.

| _____ | _____ | _____ | _____ |
| Grantor signature | Title | Grantee signature | Title |

| _____ | _____ | _____ | _____ |
| Grantor signature | Title | Grantee signature | Title |

**Reminder:** Did you complete all of the required information in Schedules A, B, and C? Are you required to complete Schedule D? If you checked *e*, *f*, or *g* in Schedule A, did you complete Form TP-584.1? Have you attached your check(s) made payable to the county clerk where recording will take place or, if the recording is in New York City, to the **NYC Department of Finance**? If no recording is required, send your check(s), made payable to the **Department of Taxation and Finance**, directly to the NYS Tax Department, RETT Return Processing, PO Box 5045, Albany NY 12205-5045.

## Signature (both the grantor(s) and grantee(s) must sign)

The undersigned certify that the above information contained in schedules A, B, and C, including any return, certification, schedule, or attachment, is to the best of his/her knowledge, true and complete, and authorize the person(s) submitting such form on their behalf to receive a copy for purposes of recording the deed or other instrument effecting the conveyance.

| | | | |
|---|---|---|---|
| Grantor signature | Title | Grantee signature | Title |
| Grantor signature | Title | Grantee signature | Title |

2012091000387301

**Page 4** of 4    TP-584 (3/07)

---

### Schedule D - Certification of exemption from the payment of estimated personal income tax (Tax Law, Article 22, section 663)
**Complete the following only if a fee simple interest or a cooperative unit is being transferred by an individual or estate or trust.**

**Part I -** New York State residents

If you are a New York State resident transferor(s)/seller(s) listed in Schedule A of Form TP-584 (or an attachment to Form TP-584), you must sign the certification below. If one or more transferors/sellers of the real property or cooperative unit is a resident of New York State, **each** resident transferor/seller must sign in the space provided. If more space is needed, please photocopy this Schedule D and submit as many schedules as necessary to accommodate all resident transferors/sellers.

### Certification of resident transferor(s)/seller(s)

This is to certify that at the time of the sale or transfer of the real property or cooperative unit, the transferor(s)/seller(s) as signed below was a resident of New York State, and therefore is not required to pay estimated personal income tax under Tax Law, section 663(a) upon the sale or transfer of this real property or cooperative unit.

| Signature | Print full name | Date |
|---|---|---|
| Signature | Print full name | Date |
| Signature | Print full name | Date |
| Signature | Print full name | Date |

**Note:** A resident of New York State may still be required to pay estimated tax under Tax Law, section 685(c), but not as a condition of recording a deed.

**Part II -** Nonresidents of New York State

If you are a nonresident of New York State listed as a transferor/seller in Schedule A of Form TP-584 (or an attachment to Form TP-584) but are not required to pay estimated personal income tax because one of the exemptions below applies under Tax Law, section 663(c), check the box of the appropriate exemption below. If any one of the exemptions below applies to the transferor(s)/seller(s), that transferor(s)/seller(s) is not required to pay estimated personal income tax to New York State under Tax Law, section 663. **Each** nonresident transferor/seller who qualifies under one of the exemptions below must sign in the space provided. If more space is needed, please photocopy this Schedule D and submit as many schedules as necessary to accommodate all nonresident transferors/sellers.

If none of these exemption statements apply, you must complete Form IT-2663, *Nonresident Real Property Estimated Income Tax Payment Form*, or Form IT-2664, *Nonresident Cooperative Unit Estimated Income Tax Payment Form*. For more information, see *Payment of estimated personal income tax,* on page 1 of Form TP-584-I.

### Exemption for nonresident transferor(s)/seller(s)

This is to certify that at the time of the sale or transfer of the real property or cooperative unit, the transferor(s)/seller(s) (grantor) of this real property or cooperative unit was a nonresident of New York State, but is not required to pay estimated personal income tax under Tax Law, section 663 due to one of the following exemptions:

☐ The real property or cooperative unit being sold or transferred qualifies in total as the transferor's/seller's principal residence (within the meaning of Internal Revenue Code, section 121) from _____ to_____ *(see instructions).*
Date           Date

☐ The transferor/seller is a mortgagor conveying the mortgaged property to a mortgagee in foreclosure, or in lieu of foreclosure with no additional consideration.

☐ The transferor or transferee is an agency or authority of the United States of America, an agency or authority of the state of New York, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

| Signature | Print full name | Date |
|---|---|---|
| Signature | Print full name | Date |
| Signature | Print full name | Date |
| Signature | Print full name | Date |

2012091000387301

**Certification of resident transferor(s)/seller(s)**

This is to certify that at the time of the sale or transfer of the real property or cooperative unit, the transferor(s)/seller(s) as signed below was a resident of New York State, and therefore is not required to pay estimated personal income tax under Tax Law, section 663(a) upon the sale or transfer of this real property or cooperative unit.

| Signature | Print full name | Date |
|---|---|---|
| Signature | Print full name | Date |
| Signature | Print full name | Date |
| Signature | Print full name | Date |

**Exemption for nonresident transferor(s)/seller(s)**

This is to certify that at the time of the sale or transfer of the real property or cooperative unit, the transferor(s)/seller(s) (grantor) of this real property or cooperative unit was a nonresident of New York State, but is not required to pay estimated personal income tax under Tax Law, section 663 due to one of the following exemptions:

☐ The real property or cooperative unit being sold or transferred qualifies in total as the transferor's/seller's principal residence (within the meaning of Internal Revenue Code, section 121) from _____ Date to _____ Date *(see instructions)*.

☐ The transferor/seller is a mortgagor conveying the mortgaged property to a mortgagee in foreclosure, or in lieu of foreclosure with no additional consideration.

☐ The transferor or transferee is an agency or authority of the United States of America, an agency or authority of the state of New York, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

| Signature | Print full name | Date |
|---|---|---|
| Signature | Print full name | Date |
| Signature | Print full name | Date |
| Signature | Print full name | Date |

2012091000387301

**TP-584.1 (11/96)**

New York State
Department of
Taxation
and Finance

# New York State
# Real Estate Transfer Tax Return
# Supplemental Schedules

For office use only

**Attach this form with the applicable schedule completed
to Form TP-584 for the following conveyances:**

> Conveyances pursuant to or in lieu of foreclosure or pursuant to a secured party's enforcement of a lien or other
> security interest
>
> Conveyances that consist of a mere change of identity or form of ownership or organization
>
> Conveyances for which credit for tax previously paid will be claimed

Please print or type

| | |
|---|---|
| Name of Grantor *(as shown on Form TP-584)* **CUMBERBATCH SHERRIAN** | Grantor's social security number or EIN **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** |
| Name of Grantee *(as shown on Form TP-584)* **176 PORT RICHMOND AVE LLC** | Grantee's social security number or EIN **46-0945995** |
| Location of property conveyed *(as shown on Form TP-584)* **5 - 1077 - 53,   176 PORT RICHMOND AVE   NEW YORK** | |

**Schedule E - Conveyance pursuant to or in lieu of foreclosure or pursuant to a secured party's enforcement of a lien or other
security interest *(Please complete the applicable part if condition "e" was checked in Schedule A, Form TP-584)***

**Part I - Conveyance pursuant to a mortgage foreclosure or any other action governed by the Real Property Actions and
Proceedings Law**

| | | |
|---|---|---|
| 1 Amount of foreclosure judgment or bid price *(see instructions)* | **1** | 400,000 00 |
| 2 Amount of any other liens or encumbrances (not included on line 1) remaining on property after the conveyance | **2** | 30,000 00 |
| 3 Add lines 1 and 2 *(if debt is nonrecourse, skip line 4 and enter this amount on line 5)* | **3** | 430,000 00 |
| 4 If recourse debt, enter the fair market value of real property *(see instructions)* | **4** | 0 00 |
| 5 Consideration for conveyance *(if recourse debt, enter the amount from line 3 or line 4, whichever is lower; also enter on Form TP-584, Schedule B, Part I, line 1)* | **5** | 430,000 00 |

**Part II - Conveyance to a mortgagee or lienor in lieu of foreclosure**

| | | |
|---|---|---|
| 6 Unpaid balance of debt secured by mortgage *(see instructions)* | **6** | 0 00 |
| 7 Amount of any other liens or encumbrances (not included on line 6) remaining on property after the conveyance | **7** | 0 00 |
| 8 Add lines 6 and 7 *(if debt is nonrecourse, skip line 9 and enter this amount on line 10)* | **8** | 0 00 |
| 9 If recourse debt, enter fair market value of real property *(see instructions)* | **9** | 0 00 |
| 10 If recourse debt, enter the amount from line 8 or line 9, whichever is lower | **10** | 0 00 |
| 11 Any other amount paid by the grantee to the grantor for the real property | **11** | 0 00 |
| 12 Consideration for conveyance *(add lines 10 and 11; enter here and on Form TP-584, Schedule B, Part I, line 1)* | **12** | 0 00 |

**Part III - Conveyance of real property in lieu of or pursuant to a secured party's enforcement of a lien, security interest or other
rights on or in shares of stock in a cooperative housing corporation and/or associated proprietary lease(s)**

| | | |
|---|---|---|
| 13 Unpaid balance of debt secured by the pledge of the shares of stock in the cooperative housing corporation and/or associated proprietary lease(s) *(see instructions)* | **13** | 0 00 |
| 14 Amount of any other liens, security interest or other obligations (not included on line 13) remaining on the shares of stock in the cooperative housing corporation and/or associated proprietary lease(s) after the conveyance | **14** | 0 00 |
| 15 Add lines 13 and 14 *(if debt is nonrecourse, skip line 16 and enter this amount on line 17)* | **15** | 0 00 |
| 16 If recourse debt, enter fair market value of the shares of stock in the cooperative housing corporation and/or associated proprietary lease(s) *(see instructions)* | **16** | 0 00 |
| 17 If recourse debt, enter the amount from line 15 or line 16, whichever is lower | **17** | 0 00 |
| 18 Pro rata portion of the total amount of any liens or encumbrances remaining on the real property of the cooperative housing corporation after the conveyance *(see instructions)* | **18** | 0 00 |
| 19 Any other amount paid by the grantee to the grantor for the conveyance | **19** | 0 00 |
| 20 Consideration for conveyance *(add lines 17, 18 and 19; enter amount here and on Form TP-584, Schedule B, Part I, line 1)* | **20** | 0 00 |

201209100038730101

**Part IV** - **Conveyance of real property in lieu of or pursuant to a secured party's enforcement of a lien, security interest or other rights on or in shares of stock, partnership interests or other instruments (i.e., transfer or acquisition of a controlling interest in an entity with an interest in real property)**

| | | |
|---|---|---|
| 21 Unpaid balance of debt secured by the pledge of the ownership interest in the entity ................. | **21** | 0 \| 00 |
| 22 Amount of any other liens, security interests or obligations (not included on line 21) remaining on the ownership interest in the entity after the conveyance .......................................... | **22** | 0 \| 00 |
| 23 Amount of any liens or encumbrances remaining on the real property of the entity after the conveyance, multiplied by the percentage in the entity being transferred or acquired ................. | **23** | 0 \| 00 |
| 24 Amount of any other debt or obligation of the entity, multiplied by the percentage in the entity being transferred or acquired ........................................................................ | **24** | 0 \| 00 |
| 25 Any other amount paid by the grantee to the grantor for the conveyance ............................. | **25** | 0 \| 00 |
| 26 Total *(add lines 21 through 25)*................................................................... | **26** | 0 \| 00 |
| 27 Apportionment of amount on line 26 *(see instructions)* ............................................ | **27** | 0 \| 00 |
| 28 Fair market value of real property multiplied by the percentage in the entity being transferred or acquired ..................................................................................... | **28** | 0 \| 00 |
| 29 Consideration for conveyance *(enter the amount from line 27 or line 28, whichever is less; also enter on Form TP-584, Schedule B, Part I, line 1)* .................................................... | **29** | 0 \| 00 |

**Schedule F** - **Conveyance that consists of a mere change of identity or form of ownership or organization** *(Please complete if condition "f" was checked in Schedule A, Form TP-584)*

| | | |
|---|---|---|
| 30 Fair market value of real property at time of conveyance ........................................... | **30** | |
| 31 Percentage of interest conveyed not subject to the mere change exemption .......................... | **31** | |
| 32 Consideration for conveyance *(multiply line 30 by line 31; enter amount here and on Form TP-584, Schedule B, Part I, line 1)* ...................................................................... | **32** | |
| 33 Continuing lien deduction, if applicable *(see instructions and multiply continuing lien, if any, by percentage of interest conveyed on line 31; enter amount here and on Form TP-584, Schedule B, Part I, line 2)*........... | **33** | |
| 34 Taxable consideration *(subtract line 33 from line 32; enter amount here and on Form TP-584, Schedule B, Part I, line 3)*................................................................................ | **34** | |

**Schedule G** - **Conveyance for which credit for tax previously paid will be claimed** *(Please complete the applicable part if condition "g" was checked in Schedule A, Form TP-584)*

**Part I** - **Computation of credit against tax due on conveyance to the extent tax was paid by grantor on a prior creation of leasehold**

| | | |
|---|---|---|
| 35 Value of consideration grantor is not entitled to receive after conveyance *(see instructions)*.............. | **35** | |
| 36 Value of consideration used in original computation to determine the transfer tax due *(see instructions)* .. | **36** | |
| 37 Percentage of credit to be applied *(divide line 35 by line 36)* ....................................... | **37** | |
| 38 Transfer tax paid by grantor on prior grant of leasehold *(attach copy of original Form TP-584 previously filed and proof of payment)* ...................................................................... | **38** | |
| 39 Amount of credit to be applied to transfer tax due on current conveyance *(multiply line 37 by line 38; enter amount here and on Form TP-584, Schedule B, Part I, line 5)* .................................. | **39** | |

**Part II** - **Computation of credit against tax due on conveyance of cooperative shares to the extent tax was paid on conveyance to the cooperative housing corporation**

| | | |
|---|---|---|
| 40 Number of shares allocated to the unit(s) for which proprietary leasehold(s) is being granted .......... | **40** | |
| 41 Total number of shares of stock in the cooperative housing corporation ............................... | **41** | |
| 42 Percentage of credit to be applied *(see instructions and divide line 40 by line 41)*........................ | **42** | |
| 43 Transfer tax paid on conveyance of the real property to the cooperative housing corporation *(attach copy of original TP-584 previously filed and proof of payment)* ....................................... | **43** | |
| 44 Percentage of interest that would have qualified as a mere change on conveyance to cooperative housing corporation .................................................................................. | **44** | |
| 45 Proportionate amount of transfer tax paid on conveyance *(multiply line 43 by line 44)* ...................... | **45** | |
| 46 Amount of credit to be applied to transfer tax due on conveyance of units for which proprietary leasehold(s) is being granted *(multiply line 42 by line 45; enter amount here and on Form TP-584, Schedule B, Part I, Line 5)* ...................................................................... | **46** | |

**NYC**

Department of
Housing Preservation
& Development
nyc.gov/hpd

**THE CITY OF NEW YORK**
**DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT**

**AFFIDAVIT IN LIEU OF REGISTRATION STATEMENT**

County of _____ ) SS.:

State of New York          )

_____, being duly sworn, deposes and says:

1) I am personally familiar with the real property known by the street address of (insert street address):
_____Block_____, Lot_____,
and make this Affidavit as (describe capacity in which affidavit is made) _____
in connection with a deed/lease/memorandum of lease (delete inapplicable description) which transfers an
interest in the above real property, that is dated _____, and is
between_____ and_____.

2) The statements made in the Affidavit are true of my own knowledge, and I submit this Affidavit in order
that this Instrument be accepted for recording without being accompanied by a registration statement, as
such is defined by Article 2 of Subchapter 4 of Chapter 2 of Title 27 of the Administrative Code of the
City of New York.

3) Exemption from registration is claimed because the Instrument affects neither (a) an entire multiple
dwelling as such is defined by §27-2004(a)(7) of Article 1 of Subchapter 1, of Chapter 2 of Title 27 of the
Administrative Code of the City of New York and New York State Multiple Dwelling Law §4(7) nor (b)
a private dwelling as such is defined by §27-2004 (a) (4) of Article 1 of Subchapter 1 of Chapter 2 of
Title 27 of the Administrative Code of the City of New York and of the New York State Multiple
Dwelling Law §4(6) that is required to register pursuant to, Article 2 of Subchapter 4 of Chapter 2 of Title
27 of the Administrative Code of the City of New York. The Instrument does not affect a multiple
dwelling because it affects the following (check applicable item):

☐ a commercial building
☐ a one-or two family dwelling whose owner or a family member resides in the dwelling
☐ a condominium unit in a multiple dwelling
☐ cooperative corporation shares relating to a single residential unit in a multiple dwelling
☐ mineral, gas, water, air or other similar rights not affecting a multiple dwelling
☐ lease of commercial space in a multiple dwelling
☐ vacant land

4) I am aware that this Affidavit is required by law to be submitted in order that the Instrument be recorded
or accepted for recording without being accompanied by a registration statement. I am aware that any
false statements made in this Affidavit may be punishable as a felony or misdemeanor under Penal Law
Article 210 or as an offense under Administrative Code of the City of New York §10-154.

Sworn To Before Me This                              Signature
_____

_____Day of _____2009
_____       Address _____
          Notary Public            Telephone # _____

♲ Printed on paper containing 30% post-consumer material.

*Exhibit A*

# H&O CAPITAL FUNDING LLC
## 133 Parkway Road
## Bronxville, NY 10708

March 24, 2017

To    Entity to be Formed c/o Sherria Cumberbatch

Staten Island, NY 10314

RE:    First Mortgage on:
176 Port Richmond Avenue – Staten Island, NY 10302
Block 1077, Lot 53
Consisting of a 2-story, mixed-use building with 2 apartments and 2 stores

This term sheet is intended to provide a general outline of the proposed mortgage terms and is subject to review by Lender's counsel. This is non-binding and subject to an inspection of the property as well as the execution of all loan documents and any other document required by lender's counsel and can be withdrawn at any time. There may be additional terms required by lender's counsel that are not included herein.

| | |
|---|---|
| **Borrower(s):** | Entity to be Formed (Sherria Cumberbatch) |
| **Lender:** | 176 Port Richmond Avenue Funding Associates, (entity to be formed) c/o H & O Capital Funding LLC |
| **Guarantors:** | Sherria Cumberbatch as well as any & all officers &/or owners &/or partners of the Entity to be Formed. |
| **Security:** | As indicated above. |
| **Amount of Mortgage:** | Lesser of $475,000 or 60% of the AS-IS appraised value |
| **Term of Mortgage:** | One (1) year w/ an option to renew for one (1) year upon payment of a 1% fee |
| **Interest Rate:** | 12% |
| **Monthly Payment:** | $4,750 per month. Subject to change based on appraised value. <u>NOTE</u>: All checks to be due from Borrower shall be delivered to Lender at loan closing postdated for the first of each month for all monthly payments for each loan. If the option to renew is taken, borrower to provide 12 new postdated checks at that time along with a check for the 1% fee. All checks made payable to H & O Capital Funding LLC. |
| **Holdback:** | At the closing there will be a holdback of $30,000, the release of which is contingent upon the completion of the planned renovation work (See Attachment II for the schedule of work). At no point will the total amount of money released exceed 60% of the appraised value. |

Page 2
March 24, 2017

**Prepayment:** Borrower shall have the right to repay the loan at any time in whole or in part subject to 6 months of yield maintenance on any and all monies advanced by lender hereunder (lender is guaranteed six months of interest on all monies advanced during that six month period, if borrower is to pay off the loan prior to the six month period expiring, this applies to any option periods as well).

**Broker Fee:** 2% payable to CLS Group (not related to or affiliated with the lender in any form).

**H&O Capital Placement Fee:** 3% at closing; 1% at payoff payable to H & O Capital Funding LLC

**Expenses:** Borrower is responsible for all costs in connection with this mortgage including, but not limited to, lenders' legal fees, any recording costs, title, mortgage insurance and an environmental review/report, which is required for this loan.
**Environmental:** Lender requires an Environmental record search to be performed for the property. Estimated fee for the record search is $500 and will be paid out of the deposit
**Appraisal:** Lender will engage an appraiser of Lender's choosing to appraise the property. Fee for the appraisal is $2,500.

Please note, actual quotes for the Environmental record search will be obtained upon receipt of executed LOI and deposit.

**Appraisal Deposit:** $2,500 made payable to H&O Capital Funding, LLC towards Lender's cost for the appraisal. Appraisal is subject to review by lender. Lender will inform Borrower of the value and Borrower can then decide if they want to proceed. If Borrower elects to proceed Lender requires an additional deposit as described below.

**Due Diligence Deposit:** $4,000 as deposit made payable to H&O Capital Funding, LLC towards lenders cost of processing loan including legal fees, the environmental consultants fee ($500 estimated) and lender inspection/due diligence fee ($2,000). At closing, the deposit will be credited to borrower less the environmental consultant's fee and appraisal fee. If this mortgage does not close for any reason, then Borrower will receive a refund of the deposit less the appraisal fee, environmental consultant fee and Lender's inspection/due diligence fee ($4,000 - $500 - $2,000 = $1,500). Borrower will also be responsible for Lender's legal costs incurred, if any. Balance of legal fee will be due at closing.
**NOTE:** Borrower is responsible for all 3rd party reports. If there are any underground oil tanks at the properties the Borrower will be responsible for the cost of the pressure tests to ensure there are no issues with the tanks.

Page 3
March 24, 2017

| | |
|---|---|
| **Title Insurance:** | A current title insurance binder or commitment for mortgage title insurance from a title company acceptable to Lender, evidencing clear and marketable title and insuring the validity and priority of Lender's mortgage as a first lien on the property to be mortgaged for the full amount of the loan, subject only to the conditions acceptable to Lender, and certified to Lender and/or its successors and/or assigns, as first mortgagee and loss payee. An Alta policy is satisfactory to Lender. |
| **Survey:** | Borrower shall provide to Lender a copy of an as-built survey of the property to be mortgaged satisfactory to Lender and insurable by its title company. |
| **Late Charges** | Charges of 8% shall be added to all monthly payments not received by the 10th of the month in which the payment is due. |
| **Due Diligence:** | Lender's obligation hereunder are contingent on Lender completing, to its sole and absolute satisfaction, a complete review of the Borrower's and Guarantor's financials (personal and corporate, if requested), the subject properties, and the surrounding markets. At any time, Lender may elect in its sole and absolute discretion to terminate this agreement. |
| **Insurance** | At least ten (10) days prior to closing, Borrower will furnish to lender the liability insurance policy as well as the original fire insurance policy, together with extended coverage, vandalism, malicious mischief, and sprinkler leakage and boiler endorsements, with an insurer licensed to do business in the State of New York in the sum as required by lenders' attorney, and shall not provide for co-insurance, and such coverage shall be endorsed to reflect the interest of the lender. Insurance shall be as otherwise acceptable and/or required by lender and shall be paid in full as the loan closing. |
| **Escrows:** | The Mortgagor shall deposit with the holder of the Mortgage equal monthly payments sufficient in amount to accumulate funds for the payment of the following items thirty (30) days before the same becomes due in each instance: a) Principal and interest on any liens to which this Mortgage is subordinate and all other amounts due to the prior lienors, it being understood however, that no superior lien is intended or permitted by the inclusion of this provision herein and such superior lien would constitute a default hereunder entitling the Mortgagee to all rights and remedies permitted under the provisions of this Mortgage. |

Page 4
March 24, 2017

b) Taxes, water rates and sewer taxes. c) Payments for assessments for public improvements. d) Premiums on insurance policies required under the terms of this Mortgage. An advance deposit shall be made at the time of the execution of this Mortgage, in an amount which, when added to the monthly payments thereafter to be made, will create the funds necessary to meet the said charges as they next accrue. The amount of the said advance deposit and the amounts of all subsequent monthly deposits shall be determined by the Mortgagee, from time to time, based upon current and estimated future requirements. The said funds shall bear no interest.

**Indemnification:**    By the Borrower's execution and return of the Letter of Intent, Borrower and Guarantor also agree to indemnify and to hold harmless Lender and its affiliates, together with their respective officers, directors, agents, attorneys, representatives, and employees (collectively, the "Indemnified Persons") against all claims, damages, liabilities and expenses, including, without limitation, the reasonable fees and expenses of legal counsel, which may be incurred by or asserted against and Indemnified Persons in connection with or arising out of this Letter of Intent, and the transactions contemplated thereby, whether related to due diligence, or any other action by any Indemnified Persons in furtherance of such transactions.

The borrower is to supply the following information:

1. Current signed rent roll and a representation that the rentals and other charges payable under all leases, and all other provisions of the leases, comply with all applicable laws, ordinances, rules and regulations.
2. Copies of the executed leases
3. Signed estoppel(s) from the commercial tenant(s) as prepared (or approved) by our counsel. Form attached (see **Attachment III**)
4. Copies of the last three years' tax returns for the ownership entity of the property or the portion of the borrower's personal tax returns dealing with the operations of the property.

The mortgage is subject to such other reasonable requirements and conditions or loan document provisions as may be requested by our counsel. Please note that counsel for borrower will be required to provide an opinion letter that is satisfactory to counsel for the lender.

We understand the attorney you will be using for this transaction is Sergio P. Cavalli, Esq. at 1 Executive Boulevard – Suite 201, Suffern, NY 10901, Office – 845-738-4379, scavalli@scavallilaw.com

Our attorney is Alan Snider at 800 Central Park Avenue, Suite 201, Scarsdale, NY 10583, Office – 914-472-1956, Cell – 201-400-1787, alansnideresq@gmail.com

**NOTE**: Unless otherwise agreed to in a written communication, title is to be ordered by counsel for the lender from Madison Abstract in Scarsdale, NY. Loan documentation, in form and in substance, shall be as required by Lender and its counsel.

Page 5
March 24, 2017

If you wish to proceed please indicate your acceptance by signing and returning a copy of this letter, along with your check for the deposit by March 31, 2017 otherwise this LOI will have been deemed to have been withdrawn.

If the loan contemplated herein is not closed by April 30, 2017 then this LOI will be deemed to have expired.

This term sheet has not been reviewed by lender's counsel and may be withdrawn by Lender at any time for any reason.  If it is withdrawn then Borrower will receive a refund of the application fee less any inspection/due diligence fees incurred by lender as well as any legal costs incurred by Lender.

Very truly yours,


Daniel J. Houlihan, Jr.

ACCEPTED:


_____          Date: _____
Sherria Cumberbatch, Guarantor



**P.S**. Please see **Attachment II** pertaining to the insurance Acords that are required.

**Attachment I**

**Renovation Budget**

| | |
|---|---|
| Siding/Facade/Commercial Honing | $15,000 |
| Painting | $10,000 |
| Flooring and Carpeting | $6,500 |
| Bathrooms | $10,000 |
| Kitchen in 5 Bedroom Unit | $6,000 |
| Doors | $7,500 |
| Dry Wall/Sheet Rock | $3,500 |
| Miscellaneous | $2,000 |
| **TOTAL** | **$60,500** |

## Attachment II

## INSURANCE

Lender requires ACORD 25 and ACORD 28 as well as a paid receipt for the full year of insurance.

Kindly provide this to your insurance agent.

Insurance Endorsement Should Read:

176 Port Richmond Avenue Funding Associates ISAOA
c/o H & O Capital Funding, LLC
133 Parkway Road
Bronxville, NY 10708

Please submit insurance documentation as soon as possible for review by our office to ensure that carrier is acceptable and coverage is adequate.

Deposit can be made via check or wire. If via wire, instructions are below.

## WIRE INSTRUCTIONS

| | |
|---|---|
| **Account Name:** | **H&O Capital Funding LLC**<br>**133 Parkway Road**<br>**Bronxville, NY 10708** |
| **Account Number:** | **3144003880** |
| **ABA/Routing #:** | **021407912** |
| **Bank Address:** | **Capital One N.A.**<br>**151 Parkway Road**<br>**Bronxville, NY 10708**<br>**(914) 793-4233** |

## ATTACHMENT II

## TENANT'S ESTOPPEL CERTIFICATE

RE: The lease dated_____between_____, as Landlord, and_____, as Tenant (the "Lease"), for the _____store/office/unit (the "Demised Premises) in the building located at _____ (the "Property").

The undersigned Tenant hereby acknowledges that Landlord intends to refinance the Property with_____ (the "Lender"), and as part of that transaction, assign to Lender all of Landlord's right, title and interest in and to the Lease.

     In connection therewith, the undersigned hereby represents to Lender, or any successor(s) or assign(s) of Lender the following:

    1.    Annexed hereto is a true and complete copy of the Lease, which Lease has not been modified or amended.

    2.    The undersigned has taken full possession of the Demised Premises pursuant to the Lease and has paid rent through and including _____

    3.    The total current monthly rent and additional rent due pursuant to the Lease is $

    4.    The term of the Lease commenced on_____and terminates on_____ Except as specifically stated in the Lease, Tenant has not been granted (a) any option to extend the term of the Lease, (b) any option to expand the Demised Premises under the Lease or to lease additional space within the Property, (c) any right of first refusal on any space in the Property, (d) any right to terminate the Lease prior to its date of expiration or (e) any option or right of first refusal to purchase the Property or any part thereof. The Demised Premises under the Lease is being occupied by Tenant and there is no subletting or assignment of the Tenant's rights under the Lease.

    5.    The Lease is in full force and effect and there are no defaults by Landlord or Tenant under the Lease. No rental has been paid more than 30 days before the due date.

    6.    The security deposit under the Lease is $_____

    7.    The Lease is subject and subordinate to all presently existing and all future mortgages with respect to the Property.

    8.    The statements herein contained are made for the purpose of inducing Lender to make a loan to Landlord and may be relied upon for such purpose by Lender and its successors and assigns.

IN WITNESS WHEREOF, the undersigned has executed this document as of
this_____ day of _____

_____

STATE OF

COUNTY OF

ss.:
On the        day of_____in the year_____      before me, the  undersigned,
a notary public in and for said State, personally appeared _____
personally known to me or proved to me on the basis of satisfactory evidence   to be the individual
whose name is subscribed to the within instrument and acknowledged to me that he/she executed
the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the
person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public